IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON MERVIN STUTESMAN,

    Petitioner,                    No. CIV S-05-0059 LKK JFM P

    vs.

ROSANNE CAMPBELL, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss on the grounds that this action is barred by the statute of limitations.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

/////

1

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On June 3, 1996, petitioner pleaded guilty to one count of continuous sexual abuse of a child in violation of California Penal Code § 288.5. (Document 1, Abstract of Judgment filed in Shasta County Superior Court case number 96F2915 on August 21, 1997.) Petitioner was sentenced to 12 years in state prison and ordered to pay a $200 restitution fine. (Document 2, Opinion of the California Court of Appeal, Third Appellate District case number C027399 on June 18, 1998.) Execution of the sentence was suspended and petitioner was placed on probation. (Id.) Thereafter, a petition was filed alleging that petitioner had violated the conditions of his probation. (Id.) Ultimately, probation was revoked and on August 21, 1997, petitioner was sentenced to 12 years in prison and two restitution fines were imposed. (Documents 1 and 2.)

2. On June 18, 1998, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction, reduced one restitution fine, and struck the other. (Document 2.) An amended abstract of judgment was filed on August 26, 1998. (Document 3.) Petitioner did not seek direct review in the California Supreme Court.

1. 3. On November 18, 2003, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court.  (Document 4.)  That petition was denied on November 20, 2003.  (Document 5.)

4. On December 11, 2003, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Document 6.)  That petition was denied on December 23, 2003.  (Document 7.)

5. On January 23, 2004, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Document 8.)  That petition was denied on December 15, 2004. (Document 9.)

6. On January 11, 2005, petitioner filed the instant action.

Petitioner's conviction became final on July 23, 1998, forty days after the California Court of Appeal filed its opinion on petitioner's direct appeal.  See Smith v. Duncan, 809, 812-13 (9th Cir. 2002).  Pursuant to § 2244(d)(1)(A), the statute of limitations began to run against petitioner the next day, on July 24, 1998.  Id. at 813 (citing Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)).  Petitioner therefore had until July 23, 1999 to file a federal habeas corpus petition.  Smith, at 813.  Petitioner did not file any petition for post-conviction relief in any court until after the limitation period expired.  Accordingly, unless the deadline is equitably tolled, this action is time-barred.

Section 2244(d) is a statute of limitations subject to equitable tolling, but only on a showing of "extraordinary circumstances."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner contends that the statute of limitations should not operate to bar his claims because those claims go to the state court's subject matter jurisdiction over the criminal proceedings against him.  Specifically, petitioner contends that the criminal complaint filed against him was invalid because it consistent only of the affidavit sworn to by a Redding police officer in support of a warrant for petitioner's arrest and was not a valid criminal complaint for

/////

3

1 purposes of a state criminal prosecution.[1]  It is not at all clear that a challenge to a state court's
2 jurisdiction over criminal proceedings is exempt from the provisions of the federal habeas corpus
3 statute of limitations.  Even assuming arguendo that such an exemption might arise, such
4 circumstances are not present in the instant case.
5         At least one California court of appeal has held that "due process of law" requires
6 that the filing of criminal complaints "must be approved, authorized or concurred in by the
7 district attorney before they are effective in instituting criminal proceedings against an
8 individual." People v. Municipal Court, 27 Cal.App.3d 193, 206 (1972).  Although the felony
9 criminal complaint filed against petitioner on April 29, 1996 is signed only by Redding Police
10 Officer Terry Nielsen, it identifies the District Attorney of Shasta County as the attorney for the
11 People of the State of California, and includes an informal discovery request by the People.  (Ex.
12 A to Petition for Writ of Habeas Corpus.)  Moreover, the plea agreement that led to petitioner's
13 conviction was signed by a Shasta County District Attorney.  (Ex. A to Document 4, at 13.)  Cf.
14 People v. Municipal Court, supra, at 207 ("[h]ad the district attorney approved of or instituted
15 criminal proceedings . . . we can assume that he would have actively prosecuted the case. . . .)
16 The record before the court shows that the Shasta County District Attorney "approved,
17 authorized or concurred in" the filing of the criminal complaint against petitioner and prosecuted
18 the charges against him.  Petitioner's contention that the state court lacked jurisdiction and,
19 therefore, that the statute of limitations should not bar this action, is without merit.
20         For all of the foregoing reasons, respondents' motion to dismiss should be
21 granted.
22 /////
23

---

24 [1] In his petition, petitioner contends that he did not discover that the criminal complaint was invalid until July 2003, when he sought the assistance of a jailhouse lawyer "because he felt
25 that his court appointed attorney had coerced him into pleading guilty." (Petition, filed January 11, 2005, at 3.)  Petitioner offers no explanation for the lapse of four years between the time the
26 limitation period expired and his request for assistance from the jailhouse lawyer.

1     In accordance with the above, IT IS HEREBY RECOMMENDED that:

2     1. Respondents' July 27, 2005 motion to dismiss be granted; and

3     2. This action be dismissed as barred by the statute of limitations.

4     These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6 days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 shall be served and filed within ten days after service of the objections.  The parties are advised
10 that failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: November 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
stut0059.157