IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON MERVIN STUTESMAN,

    Petitioner,                   No. CIV S-05-0059 LKK JFM P

   vs.

ROSANNE CAMPBELL, et al.,

    Respondents.              ORDER

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1997 conviction, entered pursuant to a guilty plea, on charges of second degree murder and assault with a deadly weapon. On March 21, 2006, this action was dismissed as barred by the statute of limitations. Judgment was entered on the same day.

       On April 26, 2006, petitioner filed a motion for an extension of time to appeal the judgment. Petitioner filed a notice of appeal on the same day. Both documents are dated April 21, 2006, and both were served on counsel for respondents on that date. Good cause appearing, the court construes the documents as filed on April 21, 2006. See Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988).

/////

Petitioner's notice of appeal was due within thirty days of the entry of judgment herein.  See Fed. R. App. P. 4(a)(1)(A).  It was therefore due on or before April 20, 2006 and was filed one day late.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure authorizes a district court to extend the time to file a notice of appeal if (1) a party files a motion for extension of time not later than thirty days after expiration of the time for filing a notice of appeal under Fed. R. App. P. 4(a)(1); and (2) the "party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5).[1]

Where, as here, the court is presented with timely motion to extend the time to file a notice of appeal, the court has "wide discretion as to whether to excuse" the delay in filing the notice of appeal.  Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004) (en banc).  The court applies the "excusable neglect" standard "in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant."  Fed. R. App. P. 4(a)(5)(A)(ii), advisory committee's note, 2002 amendment.   The court weighs four factors to determine whether excusable neglect has been shown, including

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

Pincay, at 855 (citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993)).  "The good cause standard applies in situations in which there is no fault – excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5)(A)(ii), advisory committee's note, 2002 amendment.

/////

---

[1] Petitioner's motion was served on counsel for respondents, as required by Fed. R. App. 4(a)(5)(B).

In a declaration appended to his motion for extension of time, petitioner explains his delay as the result of limited access to the prison law library following receipt of the judgment in this action. Specifically, petitioner avers that he only had nine days of access to the prison law library after he received the judgment in this action, during which time he "diligently sought research on the application to appeal, on the mechanics of requesting a Certificate of Appealability" and on "procedural bars and defaults." (Declaration of Damon Mervin Stutesman, at ¶¶ 7-10.)

The court finds the excusable neglect standard more appropriate in the circumstances of this case, as petitioner did have access to the prison law library during the thirty day period following entry of judgment in this case and therefore some modicum of control over when he prepared and submitted the notice of appeal. The court further finds that all of the factors to be considered when applying the excusable neglect standard weigh in favor of petitioner. The one day delay in filing petitioner's notice of appeal caused no danger of prejudice to respondents, nor did that delay have any potential adverse impact on judicial proceedings. Moreover, the asserted reason for the delay shows that petitioner was acting in good faith to ascertain the legal grounds on which he might proceed further with this action. Under the circumstances, petitioner has shown excusable neglect for his one day delay in filing his notice of appeal. Petitioner's motion for an extension of time will therefore be granted.

Before petitioner can appeal from the dismissal of this action, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations. Accordingly, a certificate of appealability should not issue in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time to file a notice of appeal is granted;

2. A certificate of appealability should not issue in this action; and

3. The Clerk of the Court is directed to process petitioner's notice of appeal to the United States Court of Appeals for the Ninth Circuit.

DATED: March 13, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT